IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:19-CR-3097 |
| vs. | ORDER |
| ABIMAEL TRUJILLO-LINARES, | |
| Defendant. | |

The defendant has filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Filing 151. That section permits the Court to modify a term of imprisonment if the defendant—having exhausted his administrative remedies—shows "extraordinary and compelling reasons" warranting such a reduction. The Court must consider the 18 U.S.C. § 3553(a) factors, to the extent they are applicable, and reduction of the defendant's sentence must be consistent with U.S.S.G. § 1B1.13. § 3582(c)(1)(A). The Court will deny the defendant's motion.

The defendant now argues for compassionate release, claiming that he received a harsher sentence than would be imposed today because of an intervening change in the law. Filing 151 at 18-19. That means his motion rests on § 1B1.13(b)(6), which provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason,

but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

But the defendant's motion is without merit, for a number of reasons.

To start with, the defendant hasn't served at least 10 years of his term of imprisonment. *See* § 1B1.13(b)(6). Nor has he actually established any sort of sentencing disparity in the mandatory minimum sentence that was imposed upon him. *See* filing 95; filing 96.

That's because his argument rests on the Ninth Circuit's decision in *United States v. Lopez*, 998 F.3d 431 (9th Cir. 2021), which he claims expanded safety valve eligibility to include him, and which he asserts is "final and binding on this Court." Filing 151 at 17. But it's not and never was—this Court isn't in the Ninth Circuit. It's in the Eighth Circuit, so the "final and binding" decision for this Court was and is the Eighth Circuit's decision in *United States v. Pulsifer*, 39 F.4th 1018 (8th Cir. 2022)—which expressly disagreed with the Ninth Circuit regarding safety valve eligibility. *See id.* at 1022 n.2. The bigger problem for the defendant, however, is that the U.S. Supreme Court has since affirmed the Eighth Circuit's holding and disapproved the Ninth Circuit's. *See Pulsifer v. United States*, 601 U.S. 124 (2024).

Beyond that, nothing in *Lopez* or *Pulsifer* would have affected the defendant's safety valve eligibility anyway. Those cases dealt with the first prong of the safety valve criteria, regarding a defendant's criminal history. *See id.*; *see also* § 3553(f)(1); U.S.S.G. § 5C1.2(a)(1). But the defendant's claim for safety valve eligibility failed on the fifth prong: His failure to truthfully provide to the Government all information and evidence he had concerning the offense.

*See* § 3553(f)(5); § 5C1.2(a)(5); *see also* filing 91 at 5; filing 107 at 13-15. Even if *Lopez* was the law, the defendant wouldn't be safety-valve eligible.

The defendant's remaining arguments primarily invite the Court to conduct a plenary resentencing of the defendant, adjusting the guidelines sentencing range and varying pursuant to § 3553(a). *See* filing 151 at 30-45. But "[t]he compassionate release statute is not a freewheeling opportunity for resentencing based on prospective changes in sentencing policy or philosophy." *United States v. Crandall*, 25 F.4th 582, 586 (8th Cir.), *cert. denied,* 142 S. Ct. 2781 (2022). Nor is any alleged error at sentencing a basis for relief under § 3582(c)(1)(A). *See Crandall*, 25 F.4th at 586.

In sum, the Court finds that the defendant has failed to establish an extraordinary and compelling reason to reduce his sentence. Accordingly,

IT IS ORDERED that the defendant's motion for compassionate release (filing 151) is denied.

Dated this 19th day of December, 2024.

BY THE COURT:

John M. Gerrard
Senior United States District Judge